UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 99-98-JBC

UNITED STATES OF AMERICA                                               PLAINTIFF

VS:                              REPORT AND RECOMMENDATION

JOHN JAMES RUTHERFORD                                                  DEFENDANT

\* \* \* \* \*

The Court, on referral, *see* DE #102, considers an alleged supervised release violation by Defendant John James Rutherford. The USPO secured a warrant following submission of an April 17, 2007 Supervised Release Violation Report, as amended, to the District Court. Defendant entered a competent, knowing, voluntary, and intelligent stipulation to the violation alleged by the USPO, after the Court afforded Defendant all rights due under Rule 32.1 and 18 U.S.C. § 3583.[1]

The stipulation was conditional, in that Defendant offered it contingent on the Court's willingness to adopt the punishment recommended by the United States. The United States proposed a disposition involving ten (10) months of incarceration followed by no further period of supervised release. Upon receiving the proffer, the Court recessed to confer with the United States

---

[1] The Court offered a Rule 32.1 preliminary hearing, which Defendant's stipulation obviated. The Court thus conducted a final hearing, at which it offered the parties the opportunity to present any proof and make any argument over the proper disposition of the matter. The Court also expressly informed Defendant of his right of allocution before the District Court.

The Court detained Defendant, pending final disposition, under Rule 32.1(a)(6). The United States sought detention, and in the Court's assessment, Defendant failed to carry his heavy release burden under said rule and 18 U.S.C. § 3143(a), which expressly govern the analysis. Defendant did not establish, by clear and convincing evidence, that he would not flee or pose a danger if released.

Probation Officer and to review the record.  The Court evaluated and then accepted the proposed disposition as proper, under 18 U.S.C. § 3553 and on this record, after confirming the concurrence of the United States Probation Office.

As background, the Court notes that Defendant previously pled guilty to a Class C felony violation of 18 U.S.C. § 922(g)(1).  *See* DE# 34.  The plea occurred on November 17, 2000, and the Court imposed a sentence of forty-six months, with a three-year term of supervised release to follow.

Defendant, originally released August 12, 2005, has been before the Court previously in the supervised release context.  On November 15, 2005, the USPO alerted the Court to a potential violation, and Defendant stipulated to improper drug use, as alleged.  On November 30, 2005, the Court revoked Defendant's release status, and incarcerated him for a twelve (12) month period, followed by a two-year period of additional supervised release.

The violation now at issue, and the subject of the stipulation, involves Defendant's commission of another drug violation.  Defendant stipulates that he tested positive for and did unlawfully use cocaine; under Kentucky law, cocaine *possession* would be a Class D felony.  *See* KRS § 218A.1415.  As such, the violation alleged, as construed, would be at Grade B under Chapter 7 of the Guidelines.  *See United States v. Crace,* 207 F.3d 833, 837 (6th Cir. 2000)(holding that failed drug test equates with possession under 3583(g)).

The Court has evaluated the full record, including the release violation documents and materials from the underlying criminal judgment.  The Court has considered all of the § 3553 factors imported into the § 3583(e)(3) analysis and the USPO's assessment of the efficacy of further supervision as to this defendant.

The Court must, of course, follow the directives of Congress. The supervised release statute mandates revocation and imprisonment in a circumstance involving possession of a controlled substance. *See* 18 U.S.C. § 3583(g).[2] Per the Guidelines (for this Defendant, with a Grade B violation and a criminal history category of II), the imprisonment range is 6-12 months. *See* § 7B1.4. The Court notes that, under the formulation of 18 U.S.C. § 3583(e)(3) in effect at the time of Defendant's underlying criminal offense, the revocation term has a *cumulative* cap. The conviction was for a Class C felony, and Defendant's maximum, cumulative imprisonment for violation of supervised release imposed via that conviction is two years. The remainder of that cumulative total, given the prior twelve month revocation term, is thus twelve months.[3]

The Court specifically has considered the violation history involved, which indicates that the instant conduct mirrors the prior revocation basis. The Court also evaluates the Guidelines range, via advisory policy statement. Part of the analysis includes the cumulative § 3583 cap, and comments from the USPO concerning the suitability of additional supervision.

Given the seriousness of the offense, Defendant's history and characteristics, the need for deterrence and public protection, and the influence of the Guidelines, the Court recommends that Defendant serve ten (10) months of imprisonment for the stipulated violation, to be followed by no additional term of supervised release. The recommendation adopts that of the United States and the

---

[2] Given the prior violation and Defendant's history, no viable alternative to incarceration exists, and Defendant's circumstance warrants no exception to §3583(g).

[3] Congress changed the statute in 2003, arguably altering the cumulative-limit analysis. *See United States v. Williams*, 425 F.3d 987 (11th Cir. 2005). Any such change would not apply to this case because Defendant's offense date would define the applicable sentencing law. The United States agreed that twelve months is the maximum revocation term possible for Defendant.

United States Probation Office, and is consistent with the contingency upon which Defendant premised the stipulation.

### **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED as follows:

1) That the Defendant's supervised release be REVOKED, and he be committed to the custody of the Bureau of Prisons, to be imprisoned for a term of ten (10) months; and

2) That the sentence of imprisonment **shall not** be followed by a new term of supervised release.

The Defendant executed a waiver of allocution, to the extent the District Judge adopts this recommendation, which is filed in the record.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute.

This the 25th day of April, 2007.

Signed By:
Robert E. Wier  *REW*
United States Magistrate Judge